Filed 2/25/26  Cress v. Ynclino CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOHN CRESS,<br><br>    Plaintiff, Cross-Defendant, and Respondent,<br><br>v.<br><br>MIGUEL YNCLINO,<br><br>    Defendant, Cross-Plaintiff, and Appellant. | A172433, A172434<br><br>(San Francisco County Super. Ct. No. CGC-24-613087) |

John Cress sued Miguel Ynclino, Ynclino filed a cross-complaint, and Cress filed a special motion to strike Ynclino's cross-complaint under the anti-SLAPP law (Code Civ. Proc.,[1] § 425.16).  The trial court granted the anti-SLAPP motion, and Ynclino filed a motion for reconsideration, which was denied.  The trial court awarded Cress $10,373 in fees and costs.

Ynclino appeals, and we affirm.

## BACKGROUND

According to the trial court's order granting Cress's anti-SLAPP motion,[2] Cress had a dispute with Ynclino related to Cress's investment in

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] We are significantly hampered in our attempt to summarize the facts and procedural history of this matter because the appellate record provided

Ynclino's business venture in 2021; Cress alleged he relied on Ynclino's false representations in deciding to invest. Cress alleged he reached a settlement with Ynclino and Ynclino's company Spear Investment Group, LLC, but no payments were made under the agreement. Consequently, on March 14, 2024, "Cress filed an action bringing claims for breach of contract, fraud, negligent misrepresentation, securities fraud, and control person liability." In response, Ynclino filed "a cross-complaint, alleging that Cress improperly disclosed details about his partnership with Spear and Ynclino, in violation of a confidentiality agreement."

In October 2024, Cress filed an anti-SLAPP motion to strike Ynclino's cross-complaint.[3] According to Cress, "the gravamen of each of Ynclino's causes of action is that Plaintiff [Cress] breached a purported implied confidential agreement by 'publicly disclos[ing] confidential information . . . in his Complaint,'" citing numbered paragraphs from Ynclino's cross-complaint. (But, again (see footnote 2), Ynclino's cross-complaint is not in the appellate record.) Cress argued Ynclino had admitted that the only alleged occurrence of wrongful disclosure was Cress filing his complaint on March 14, 2024,[4] but filing a complaint in court is protected activity under the anti-SLAPP statute. Cress argued Ynclino could not meet his burden of establishing a probability of prevailing on the merits of his claims because Ynclino's claims (1) were barred by his release in the settlement agreement,

by Ynclino does not contain Cress's complaint or Ynclino's cross-complaint. Here, we rely on the trial court's summary as stated in its order.

[3] Cress's anti-SLAPP motion, Ynclino's opposition, and the parties' supporting papers are part of the appellate record.

[4] In response to a special interrogatory asking him "to 'identify . . . where Cress disclosed the [allegedly confidential] information,'" Ynclino answered, "Plaintiff's Complaint filed in this action."

(2) were barred under California's broad litigation privilege, and (3) failed to state any valid cause of action.

Opposing the motion, Ynclino argued his "claims arise from [Cress's] pattern of tortious business conduct rather than any protected activity," and if the claims did involve protected activity, "Ynclino has established a probability of prevailing through substantial admissible evidence." Ynclino cited a March 10, 2023, email as evidence of tortious conduct.[5]

In November 2024, the trial court granted Cress's anti-SLAPP motion based on its determinations, first, that "Ynclino's claims clearly arise from Cress' protected activity, namely his public disclosure of allegedly confidential information in his complaint" and, second, that "Ynclino cannot show minimal merit on his claims," given that "all of Ynclino's claims are barred by the litigation privilege."[6] (See Civ. Code, § 47, subd. (b) ["privileged publication" includes one made in any "judicial proceeding"].)

---

[5] The email, dated March 10, 2023, is from Cress to Ynclino and does not appear to demonstrate wrongful conduct. Cress wrote, among other things, that he had "a lot of criticisms," "things have not gone as expected and there needs to be changes and more attention given now on this project," and "Charles and I could take over and make the whole thing successful." The settlement agreement between Ynclino and Cress was signed on June 23, 2023, after this email was sent.

[6] Deciding an anti-SLAPP motion "involves a two-step process." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) "First, 'the moving defendant [(Cress in this case)] bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff [(Ynclino) in this case)] [bears the burden of] show[ing] the claim has 'at least "minimal merit." ' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Ibid.*)

3

Ynclino filed a motion for reconsideration of the trial court's order granting Cress's anti-SLAPP motion to strike his cross-complaint. The trial court denied the motion for reconsideration. The court explained that a "reconsideration motion must be 'based on new or different facts, circumstances, or law,' " citing section 1008, but the March 10, 2023, email Ynclino relied on was not new evidence and none of the legal authority Ynclino relied on was new.

Cress filed a motion for attorney's fees and costs pursuant to the anti-SLAPP statute. (See § 425.16, subd. (c)(1) [except in specified circumstances, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs"].) The trial court granted the motion in part, awarding Cress $10,000 in fees and $373 in costs.

## DISCUSSION

Representing himself, Ynclino has filed an opening appellate brief in which he claims the trial court failed to conduct the mandatory two-step anti-SLAPP analysis, his claims arise from unprotected business conduct, a discovery stay violated due process, the trial court failed to apply liberal construction standards to his cross-complaint, and the court abused its discretion in denying reconsideration.

In his respondent's brief, Cress correctly points out that neither his complaint nor Ynclino's cross-complaint is included in the appellate record. Cress argues that, by failing to provide an adequate record and failing to support his arguments with record cites, Ynclino has forfeited the arguments. Ynclino has not filed a reply brief. We agree with Cress that Ynclino has forfeited his claims.

4

A. *Appellant's Burden on Appeal*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, *on the basis of the record presented to the appellate court*, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] *Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].*' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, italics added.)

Further, " 'an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument *including citations* to supporting authorities and *to relevant portions of the record.* [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) &

5

(C).)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620, italics added.) If an appellant fails to support an argument with necessary citations to the record, the argument is forfeited. (*Id.* at p. 620.)

These rules of appellate procedure "apply both to parties represented by counsel and self-represented parties." (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 620.)

B.      *Analysis*

Here, the trial court granted an anti-SLAPP motion to strike Ynclino's cross-complaint based on its determinations, first, that his claims were based on protected activity and, second, that the claims were barred by the litigation privilege. We cannot possibly find the trial court erred in its assessment of Ynclino's cross-complaint when Ynclino has not provided us the cross-complaint to review. We are thus required to resolve Ynclino's appellate claims related to the granting of the anti-SLAPP motion against him. Having failed to provide us with a complete record of the pleadings that are the basis of the anti-SLAPP motion, Ynclino has likewise forfeited his appellate claim regarding the denial of his motion for reconsideration.

Ynclino also asserts on appeal that he "sought discovery of specific evidence solely within Cress's possession that was essential to defeat the anti-SLAPP motion." Ynclino has forfeited any claim related to discovery because, as Cress notes, Ynclino has not provided a record cite for his assertion, and the register of actions does not show that he ever filed a noticed motion seeking to lift the automatic stay upon the filing of Cress's anti-SLAPP motion (§ 425.16, subd. (g)).

## DISPOSITION

The orders appealed from are affirmed.  Cress is entitled to his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)[7]

_____
Miller, J.

WE CONCUR:

_____
Richman, Acting P. J.

_____
Desautels, J.

A172433, A172434, *Cress v. Ynclino*

---

[7] Cress correctly notes that he is entitled to attorney's fees on appeal under section 425.16, subdivision (c); the amount is to be determined by the trial court.  (See *City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 738 [remanding for determination of the prevailing party's attorney fees on appeal].)